**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

| | |
|---|---|
| ARIEL MORALES BRACHO,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CLARK COUNTY COURT INTERPRETERS SERVICES,<br><br>　　　　　Defendants. | Case No. 2:20-cv-01340-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Ariel Morales Bracho's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Bracho's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Bracho's filings present two questions: (1) whether Bracho may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Bracho's complaint states a plausible claim for relief.

**I.　Whether Bracho May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff's affidavit states that he has no wages due to COVID-19, that he receives $600 per month in assistance, and that he has about $7,500 in savings. (*Id*.) Plaintiff's application to proceed in forma pauperis is granted.

**II.     Whether Bracho's Complaint States a Plausible Claim**

   **a. Legal Standard**

Because the Court grants Bracho's application to proceed *in forma pauperis*, it must review Bracho's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress.  *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000.

*See* 28 U.S.C. §§ 1331, 1332. Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Under Nevada law, a claim for breach of contract requires the plaintiff to demonstrate the following elements: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach." *Cohen-Breen v. Gray Television Grp., Inc.*, 661 F. Supp. 2d 1158 (D. Nev. 2009).

### b. Plaintiff's Complaint

Bracho brings a claim for "breach" against defendant Clark County Court Interpreters Services related to its translation services that he received during a Nevada Justice Court proceeding in 2018.[1] (ECF No. 1-1 at 2). Construing Brancho's claim liberally, it appears to be a breach of contract claim. Plaintiff also alleges that the translator, Michelle Roth, who is not a named defendant, ate food in court, did not do her job, and must have her license revoked for corruption. (*Id.* at 3). Plaintiff alleges he is entitled to $800,000 in damages because of the "breach." (*Id.*) Plaintiff does not allege how this Court has jurisdiction over this matter. A breach of contract claim is a state law claim, so there is no federal question at issue. Plaintiff lives in Las Vegas according to the complaint and it appears that the defendant has its principle place of business in Nevada, so there is no diversity of citizenship. This Court lacks subject matter jurisdiction and the Court dismisses this case. Fed. R. Civ. P. 12(h)(3); *Cat Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss sua sponte for lack of jurisdiction.").

The Court will give the plaintiff one opportunity to amend his complaint, but if he files an

---

[1] Plaintiff appears to indicate that the behavior of the translator led to a less-than desirous result. To the extent that plaintiff's damages are related to the Justice Court proceedings, this Court cannot review the result of that case. See *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414, 44 S. Ct. 149, 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983)(Federal courts do not have jurisdiction to sit in direct review of state court decisions or procedures.)

amended complaint, he must show how this Court has jurisdiction over his claims.

ACCORDINGLY,

IT IS ORDERED that Bracho's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Bracho's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Bracho has until Wednesday, October 28, 2020 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the

District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 29th day of September 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE